UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL GEORGE SHELLEY | CIVIL ACTION |
| VERSUS | NO. 17-11349 |
| NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING and DITECH FINANCIAL LLC | SECTION: A (4) |

## ORDER and REASONS

Before the Court is a **Motion for Judgment on the Pleadings (Rec. Doc. 20)** filed by Defendant Ditech Financial LLC ("Ditech"). Also before the Court is a **Motion for Judgment on the Pleadings (Rec. Doc. 21)** filed by Defendant New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Plaintiff Michael Shelley has not filed an opposition to either of the the motions. The motions, set for submission on February 7, 2018, are before the Court on the briefs without oral argument. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that the Defendants' motions should be **GRANTED** for the reasons set forth below.

I.  **Background**

On March 18, 1999, Plaintiff executed a promissory note in favor of Standard Federal Bank, a Federal Savings Bank, in the principal amount of $30,400.00 (the "Note"). The Note is paraphed for identification with and secured by a mortgage that was signed by Plaintiff on the same date, and is recorded in the Parish of Jefferson, State of Louisiana as Instrument Number 9917840 (the "Mortgage"). The Mortgage encumbers the immovable property located at 2808 Rose Drive, Gretna, Louisiana (the "Property").

1

ABN AMRO Mortgage Group, Inc. ("ABN AMRO"), as successor to Standard Federal Bank, endorsed the Note in blank, rendering the Note bearer paper. (Rec. Doc. 21-2). ABN AMRO assigned the Mortgage to Green Tea Servicing, LLC, which merged with Ditech Financial LLC ("Ditech") on August 31, 2015. Ditech then assigned the Mortgage to Shellpoint on June 17, 2017. (Rec. Doc. 21-5). Shellpoint currently services the loan.

Plaintiff allegedly defaulted on the Note and Mortgage by failing to remit the November 1, 2015 monthly installment, and all subsequent installments. As a result of Plaintiff's default and his failure to cure the default, the loan was accelerated and the entire unpaid principal balance, together with interest, and allowable fees, are now allegedly due, owing, and unpaid. (Rec. Doc. 1, p. 2). Prior to acceleration, on or about December 16, 2015, Ditech, then the servicer, allegedly caused a notice of default to be sent to Plaintiff, stating the specific amounts in default. The notice advised Plaintiff that if the default was not timely cured, the entire indebtedness would be declared immediately due and payable without further demand or notice. *Id.*

On or about June 14, 2016, Ditech filed a lawsuit against Plaintiff in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to enforce its rights in the Note and Mortgage against Plaintiff. Although it remains unclear, this action appears to have resulted in the Sheriff Sale of the Property on October 25, 2017. (Rec. Doc. 1-4, p. 4). In response to the lawsuit, Plaintiff filed a civil action on October 5, 2017 against Defendants Ditech and Shellpoint in the Second Justice Court for the Parish of Jefferson. (Rec. Doc. 1-4). Defendant Ditech filed a written notice of its consent to and joinder in the Notice of Removal to this Court by Shellpoint. (Rec. Doc. 11).

## II.  Legal Standard

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Doe v. MySpace, Inc.*, 528

F.3d 413, 418 (5th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (parenthetical in original) (quotations, citations, and footnote omitted).

## III. Law and Analysis

Plaintiff seeks $2,000 in penalties under the Federal Debt Collection Practices Act ("FDCPA"), a letter from Defendants to "all 3 credit reporting agencies" requesting that negative reporting in connection with the Note be removed under the Fair Credit Reporting Act ("FCRA"), and that the sale ordered in the Foreclosure Action be enjoined pending resolution of this lawsuit. (Rec. Doc. 1-3).

Defendants contend their respective motions should be granted for similar reasons. Therefore, to an extent, the Court's analysis will apply to both Defendants. Defendant Ditech claims that it is entitled to judgment on the pleadings because (1) Plaintiff waived the right of presentment; (2) Ditech is not a debt collector under the Fair Debt Collection Practices Act ("FDCPA"); (3) there is no private right of action provided by the FCRA, and Plaintiff failed to satisfy conditions precedent to such a claim; and (4) Plaintiff's request for injunctive relief is barred by the Anti-Injunction Act. (Rec. Doc. 20). Defendant Shellpoint claims that it is entitled to judgment on the pleadings because (1) Plaintiff misconstrues the meaning of presentment and dishonor; (2) Plaintiff waived presentment; (3) Plaintiff's FDCPA claim is based on his wrongful

presentment claim; (4) Plaintiff has no right of action under the FCRA and Plaintiff failed to comply with the statutory requirements for asserting such a claim; and (5) Plaintiff's injunctive relief request does not fall within the Anti-Injunction Act's exceptions. (Rec. Doc. 21-1).

### a. Failure of Presentment

Plaintiff claims that Defendants' failure to present the Note upon demand means that the Note is dishonored and that his debts are no longer owed. Defendants assert that Plaintiff waived his right to presentment, and that failure to present the Note does not absolve Plaintiff of his debts.

The Court finds that Defendants were not required to present the Note at Plaintiff's request because Plaintiff waived both his right of presentment and his right to notice of dishonor. (Rec. Doc. 1-1). The Note that Plaintiff signed included the following provision:

> Waivers: I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

(Rec. Doc. 1-1, p. 3). The United States Court of Appeals for the Fifth Circuit, applying Louisiana law, has held that when a note contains a provision waiving the right of presentment, "[t]his provision is binding." *Int'l City Bank and Trust Co. v. Morgan Walton Properties, Inc.*, 675 F.2d 666, 668 (5th Cir. 1982) (quoting *Frank-Taylor-Kendrick Co. v. Voissement*, 142 La. 973, 77 So. 895 (1918)). Thus, Plaintiff's waiver of presentment is binding and Defendants' failure to present the Note does not release Plaintiff of his debt.

### b. Federal Debt Collection Practices Act

Plaintiff claims that he is entitled to $2,000 in fines—$1,000 being due from each Defendant—because Defendants are creditors under the FDCPA and violated the FDCPA.

4

Defendant Ditech argues that it is not a "debt collector" under the FDCPA because its services were already retained when Plaintiff first defaulted on the Note. (Rec. Doc. 20-1, p. 5).

The Court agrees that Ditech is not a debt collector under the FDCPA, and is therefore not liable for fines under the FDCPA. Ditech formerly serviced the loan, and Shellpoint is the current loan servicer. A debt collector under the FDCPA includes:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692(a)(6). The FDCPA excludes a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person" from its definition of a debt collector. 15 U.S.C. § 1692a(6)(F).

Additionally, the United States Court of Appeals for the Fifth Circuit has held that the FDCPA does not include debt collectors, as long as the debt was not in default at the time it was assigned. *Brumberger v. Sallie Mae Servicing Corp.*, 84 Fed.App'x. 458, 459 (5th Cir. 2004). Ditech contends their servicing of the loan began in April of 2015, well before April of 2016 when a report shows that the account was first reported delinquent. (Rec. Doc. 1-3, pp. 5–6). As a loan servicer who obtained the servicing right to Plaintiff's loan before Plaintiff defaulted on his loan, Ditech is not a debt collector under the FDCPA. Thus, Plaintiff's claim against Ditech for fines under the FDCPA fails.

Defendant Shellpoint argues that because Plaintiff put forth no plausible theory that his debt was discharged, he has no plausible theory under which Shellpoint can be held to have violated the FDCPA by attempting to collect Plaintiff's debt. (Rec. Doc. 21-1, p. 5). Plaintiff's theory that the debt is not currently owed rests on the contention that the Defendants' failure of

presentment resulted in the debt being discharged. (Rec. Doc. 1-3, p. 1–2 ¶ 3). The Court holds that Plaintiff's waiver of presentment is binding and Defendants' failure to present the Note does not release Plaintiff of his debt. Therefore, the debt is not dishonored and Plaintiff has not put forth any other plausible theory that his debt was discharged. The Court agrees that Plaintiff has no plausible theory under which Shellpoint can be held to have violated the FDCPA by attempting to collect Plaintiff's debt.

### c. Fair Credit Reporting Act

Plaintiff also brings claims against Defendants under the FCRA for failure to provide accurate credit information to credit reporting agencies or failure to investigate and report its findings to credit reporting agencies. The FCRA regulates the consumer reporting industry. 15 U.S.C. § 1681(a), *et seq*. Specifically, the FCRA "regulates information provided to consumer reporting agencies by 'furnishers of information.'" *Floyd v. Wells Fargo Home Mortg. Co.*, 848 F. Supp. 2d 635, 642 (E.D. La. 2012) (Barbier, Carl J.) (quoting 15 U.S.C. § 1681s–2(a)(1)(A)). Defendants agree that they both qualify as furnishers of credit information. (Rec. Doc. 20-1, p. 6);[1] (Rec. Doc. 21-1, p.6).[2] Furnishers of credit information have duties under the Act to provide accurate information under 15 U.S.C. § 1681s-2(a), and to fulfill certain duties upon notice of a dispute under 15 U.S.C. § 1681s-2(b). Defendants correctly point out that "there is no private right of action under Section 1681s–2(a)." *Floyd*, 848 F.Supp.2d at 644. The FCRA grants "'exclusive enforcement power over' Section 1681s-2(a)" to the Federal Trade Commission ("FTC"). *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *5 (E.D. La. 2003) (Duval,

---

[1] Ditech stating, "As a furnisher of information to CRAs, Ditech is required to provide accurate information to CRAs, and, under specific circumstances, to investigate and report the results of investigations to CRAs." (Rec. Doc. 20-1, p. 6).

[2] Shellpoint stating, "As a furnisher, Shellpoint is required to provide accurate information to CRAs, and under specific circumstances, investigate and report the results to CRAs. *See Thepvongsa*, 927 F. Supp. 2d at 1230." (Rec. Doc. 21-1, p. 6).

Stanwood Jr.); See also *Washington v. CSC Credit Services*, Inc., 199 F.3d 263, 268 (5th Cir. 2000) (where the court held that Congress vested the power to obtain injunctive relief solely with the FTC). Because the FTC has the exclusive right to enforce 15 U.S.C. § 1681s-2(a), any private right of action that Plaintiff might have against Defendants must fall under its 15 U.S.C. § 1681s-2(b) duties.

After notice of a dispute, furnishers are required to (1) investigate disputed information; (2) review all information provided by the consumer reporting agency in conducting the investigation; (3) report the results of the investigation to the consumer reporting agency; and (4) report the results to all national consumer reporting agencies if the investigation finds the information given is incomplete or inaccurate. 15 U.S.C. § 1681s-2(b). Defendants argue that Plaintiff failed to provide proper notice of a dispute, which is required to trigger Defendants' duties under 15 U.S.C. § 1681s-2(b).

The Court agrees that Plaintiff failed to provide notice of a dispute as required by law to trigger any 15 U.S.C. § 1681s-2(b) duties. The United States Court of Appeals for the Fifth Circuit has held that "any private right of action [Plaintiff] may have under § 1681s–2(b) would require proof that a <u>consumer reporting agency</u> … had notified [Defendant]" of a dispute. *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639 (5th Circ. 2002) (emphasis added). In *Young*, the Fifth Circuit found that a plaintiff's "claims fail[ed] as a matter of law" because the plaintiff failed to point to any evidence that defendant received notice of a dispute from a consumer reporting agency. *Id.* at 640. In the instant matter, Plaintiff has failed to identify any evidence of notice from a consumer reporting agency. Thus, Plaintiff's claim under 1681s-2(b) of the FCRA must fail as a matter of law because Plaintiff failed to provide notice as required by the law of this Circuit.

### d. Injunction

Plaintiff's last demand is for the Court to enjoin the Louisiana court's ordered sale of the property that is the subject of the mortgage. Defendants argue that this action is prohibited by the Anti-Injunction Act ("AIA") and that Plaintiff has failed to claim any circumstances that entitle him to an exception under the AIA.

The Court agrees that Plaintiff's claim to enjoin the foreclosure sale fails because Plaintiff has failed to plead circumstances that would qualify for an exception under the AIA. The Anti–Injunction Act, 28 U.S.C. § 2283, governs whether a district court can properly enjoin pending state court litigation. *Newby v. Enron Corp.*, 338 F.3d 467, 473 (5th Cir. 2003). Federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. As for the first exception, Plaintiff does not point to any act of Congress that authorizes this Court to enjoin the Louisiana court's foreclosure of the mortgaged property. Thus, Plaintiff does not qualify for an injunction under the AIA's first exception.

As for the second exception, an injunction is not necessary in aid of this Court's jurisdiction. Courts in this Circuit apply this exception "only where a state proceeding threaten[s] to dispose of property that form[s] the basis for federal in rem jurisdiction or where the state proceeding threaten[s] the continuing superintendence by a federal court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). In rem jurisdiction is not at issue in this matter, and there is no continuing monitoring action present here that requires this Court to enjoin state court actions. Thus, Plaintiff does not qualify for an injunction under the AIA's second exception.

Finally, the last of the three exceptions does not apply to Plaintiff. The last of the three exceptions listed in the AIA "permits an injunction where necessary to 'prevent state litigation of

an issue that previously was presented to and decided by the federal court.'" *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)). Because a previous decision by a federal court does not exist in this case, an injunction is not necessary in order to avoid re-litigation. Thus, Plaintiff does not qualify for an injunction under the AIA's third exception. Plaintiff's final claim fails, and Defendants are entitled to judgment on the pleadings in their favor.

Accordingly;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Rec. Doc. 20)** filed by Ditech Financial LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion for Judgment on the Pleadings (Rec. Doc. 21)** filed by New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing is **GRANTED.**

February 27, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE